UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

       Plaintiff,                            Case No. 17-cv-13217

vs.                                                HON. MARK A. GOLDSMITH

HEIDI WASHINGTON, et al.,

       Defendants.
_____/

**OPINION & ORDER
(1) OVERRULING DEFENDANTS' OBJECTIONS (Dkt. 49); (2) ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED JULY 31, 2018 (Dkt. 47); (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 28); (4) DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (Dkts. 3, 23); AND (5) DENYING AS MOOT IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 41)**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Stephanie Dawkins Davis (Dkt. 47), which recommends granting in part and denying in part Defendant's motion for summary judgment (Dkt. 28), denying Plaintiff's motions for injunctive relief (Dkts. 3, 23), and denying as moot in part and denying without prejudice in part Plaintiff's motion for summary judgment (Dkt. 41). Defendants have filed objections (Dkt. 49), to which Plaintiff has responded (Dkt. 50). Because oral argument will not aid the decisional process, the objections to the R&R will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court overrules Defendants' objections and adopts the magistrate judge's recommendations.

## I. BACKGROUND

The factual and procedural background, along with the relevant standards of decisions and legal principles governing the motions in this action, have been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Plaintiff Bryan Cary, at all relevant times an inmate at the Cotton Correctional Facility ("JCF") in Jackson, Michigan, alleges that he suffers from temporomandibular joint dysfunction ("TMJ/TMD"), a jaw joint disorder that causes him to bite down hard and grind his teeth while sleeping, causing pain in his mouth and jaw joints. Cary requested treatment, but was told that dental services would not be provided for TMJ under policy directive 04.06.150. Cary filed a grievance, and received a response that he may not grieve the content of a policy except as it was specifically applied to him. Plaintiff brought suit against Heidi Washington, director of the Michigan Department of Corrections ("MDOC"); Ken McKee, Deputy Director of MDOC; Richard Russell, Grievance Manager of MDOC; and various staff members of JCF, including the unnamed "Dental Staff."[1]

Cary filed two motions for injunctive relief: one on September 29, 2017 and one on January 8, 2018. The parties subsequently filed cross-motions for summary judgment. The magistrate judge determined that Plaintiff has not exhausted his as-applied challenge to the policy as it related to Washington, but that summary judgment was not appropriate on Cary's facial challenge to the policy. The magistrate judge also recommended denying Cary's motions for injunctive relief, determining that he had not proffered sufficient evidence to show likelihood of success on the merits and irreparable harm. The magistrate judge also noted that Cary's motion for summary judgment "appear[ed] to be targeted at the Dental Staff and relat[ed] to his as-applied claim." R&R at 29, PageID.431 (Dkt. 47). The magistrate judge recommended that the motion be denied as

---
[1] Cary has since agreed to voluntarily dismiss all Defendants except Washington and the Dental Staff. See Resp. to Def. Mot. for Sum. Judg. at 6, PageID.173 (Dkt. 32).

2

moot against Washington, and that it be denied without prejudice against the Dental Staff, as those individuals had not yet been properly named.

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to the R&R are deemed waived. Udoku v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

Defendants have raised two objections to the magistrate judge's report and recommendation. First, Defendants argue that Cary failed to claim the presence of an inconsistency within the policy in question in his complaint. Defendants argue that Cary failed to identify the sections or paragraphs of the policy that are in contradiction, and that he did in fact receive treatment.

This objection is overruled. The complaint clearly states that the policy contradicts itself. See Compl. at 2, PageID.2 (Dkt. 1). Although the complaint itself does not include the specific provisions that are contradictory, the filings of pro se litigants are to be construed liberally, see Spotts v. United States, 429 F.3d 248, 250 (6th Cir. 2005), so that the Court will not allow an arguable error in draftsmanship derail a potentially legitimate claim, see Carter v. Ford Motor Co., 561 F.3d 562, 566 (6th Cir. 2009). Additionally, the "argument" section following the prayer for relief in the complaint clearly states which policies Cary finds to be contradictory, see Compl. at

PageID.3; Defendants cannot claim to be without notice of the exact nature of Cary's charge. Further, Cary has claimed a specific harm – prevention of medical treatment. See Compl. at 2, PageID.2. Defendants' response that they provided medication is a merits issue, more properly addressed after the parties have had a chance to undergo discovery. Given the liberal construction rules that courts follow when addressing claims made by pro se litigants, the Court overrules this objection.

Defendants next object that Cary's argument does not equate to a facial challenge, as the policy in question provides treatment to urgent dental conditions and TMJ/TMD is not a dental condition. Defendants challenge the conclusion in the R&R that Cary is making a facial challenge to the policy, arguing that the policy is not, on its face, deliberately indifferent to the medical needs associated with the symptoms of TMJ/TMD.

The Court also overrules this objection. Contrary to Defendants' characterization, Magistrate Judge Dawkins Davis did not "creat[e] a facial challenge claim to the dental services policy." Objs. at 5, PageID.441. Rather, the magistrate judge fairly construed the complaint as bringing a facial challenge to the policy. As noted by the magistrate judge, the complaint specifically alleges that the policy: (i) inflicts cruel and unusual punishment, see Compl. at 2, PageID.2; (ii) is too vague and broad, and is in violation of the Constitution, see id. at 3, PageID.3; and (iii) violates the Constitution and must be "thrown out," id. Cary also asks that Defendants be ordered to "cease enforcing this contradictory policy." Id. at 2, PageID.2. These statements have all the hallmarks of a facial challenge, and Defendants should have treated them as such when filing their motion for summary judgment. But Defendants did not, opting instead to seek summary judgment only on the as-applied challenge. Due to that decision, Defendants may not now object to the magistrate judge's conclusion that the claim remains pending against Defendant

4

Washington. See Udoku v. Cozzens, 975 F. Supp. 2d at 757 ("Any arguments made for the first time in objections to an R & R are deemed waived.").

As noted above, the magistrate judge also recommended granting in part Defendants' motion for summary judgment, denying Plaintiff's motions for injunctive relief (Dkts. 3, 23), and denying Plaintiff's motion for summary judgment as moot against the named Defendants and without prejudice against the "Dental Staff" (Dkt. 41). Cary lodged no objections against these recommendations. Nonetheless, the Court has reviewed the R&R and concludes that the magistrate judge has reached the proper conclusion for the proper reasons. Accordingly, the R&R is accepted and adopted as the findings and conclusions of the Court.

## IV. CONCLUSION

For these reasons, the Court overrules Defendants' objections (Dkt. 49), accepts the recommendation contained in the magistrate judge's R&R (Dkt. 47), grants in part and denies in part Defendants' motion for summary judgment (Dkt. 28), denies Plaintiff's motions for injunctive relief (Dkts. 3, 23), and denies Plaintiff's motion for summary judgment against the named Defendants as moot and without prejudice against the "Dental Staff" (Dkt. 41). Only Washington and the "Dental Staff" remain defendants in the case.

Going forward, the magistrate judge must address completion of service, Cary's failure to comply with her 7/31/18 order (Dkt. 48) regarding identification of the "Dental Staff," and set a schedule as promptly as possible.

SO ORDERED.

Dated: September 20, 2018         s/Mark A. Goldsmith
Detroit, Michigan        MARK A. GOLDSMITH
       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2018.

s/Karri Sandusky
Case Manager
